# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CLAYTON E. COOKSTON AND ) <br> SUSAN COOKSTON, ) <br>       Plaintiffs, ) <br> ) <br>       v. ) <br> ) <br> NEIL B. STROM d/b/a NEIL B. STROM ) <br> & ASSOCIATES, LTD. f/k/a STROM & ) <br> SPERO, ) <br>       Defendant. ) | CAUSE NO.: 4:10-CV-21-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss Neal B. Strom, d/b/a Strom & Associates, Ltd., f/k/a Strom & Spero Due to Lack of Personal Jurisdiction and Improper Venue [DE 10], filed by Defendant Neal B. Strom d/b/a Strom & Associates, Ltd. f/k/a Strom & Spero ("Strom") on May 7, 2010.

On February 26, 2010, Plaintiffs Clayton E. Cookston and Susan Cookston filed a Complaint in this Court against Strom to recover for legal malpractice allegedly committed with respect to a worker's compensation claim pursued in Illinois. The Complaint does not specifically allege that personal jurisdiction over Strom exists in Indiana but does allege that venue in Indiana is proper under 28 U.S.C. § 1391(b) and that the Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. On May 7, 2010, Defendant filed the instant Motion to Dismiss. On June 3, 2010, the Court held a scheduling conference at which the Court ordered a deadline of September 1, 2010, for limited discovery on the jurisdictional issue and a deadline of October 1, 2010, for the filing of a response to the Motion to Dismiss. On June 18, 2010, Plaintiffs filed certificates of service showing service on Defendant of Plaintiffs' First Request for Production of Documents and First Set of

Interrogatories, both regarding jurisdictional and venue matters only. However, Plaintiff has not filed a response to the instant Motion to Dismiss, and the time to do so has passed.

**FACTUAL BACKGROUND**

The following facts are taken from the Affidavit of Neil B. Strom submitted in support of the instant motion. *See Nelson v. Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983) (recognizing that a court considers all facts in the complaint as true unless refuted by the defendant in an affidavit). At all relevant times, Defendant Strom was a resident of and worked in the State of Illinois. Strom has never been employed in the State of Indiana. Strom attended college and law school in Illinois and is admitted to practice in Illinois. He is not admitted to practice in Indiana, nor has he ever appeared in court in Indiana. Strom has not solicited business in Indiana. He is a resident of Illinois and has resided there since approximately 1951; he has never resided in Indiana. None of Strom's employee's are admitted to practice in Indiana, nor have they appeared *pro hac vice* in Indiana. Strom represented Mr. Cookston in a worker's compensation claim that was arbitrated in Chicago, Illinois, and was appealed to the courts in Illinois. With the exception of one deposition of a treating physician, Mr. Strom did not come into the State of Indiana in relation to his representation of Mr. Cookston. All in-person meetings with Mr. Cookston occurred in Illinois, and all other communications with Mr. Cookston were by telephone, mail, facsimile, and e-mail.

**ANALYSIS**

Strom seeks dismissal of this action for lack of personal jurisdiction over Strom and for improper venue.

**A. Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move for dismissal for lack of personal jurisdiction. The plaintiff bears the burden of establishing the existence of personal jurisdiction when challenged by a defendant. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). A federal district court may exercise personal jurisdiction over a defendant if a court of general jurisdiction of the state in which it sits would have such jurisdiction. Fed. R. Civ. P. 4(k)(1)(A). This Court, sitting in Indiana, turns to the Indiana Rules of Trial Procedure, which provide for personal jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States." Ind. R. Tr. P. 4.4(A). Thus, Indiana permits the exercise of personal jurisdiction to the full extent permitted by the Due Process clause of the United States Constitution. *See LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

To exercise personal jurisdiction over a defendant under the Due Process clause, the defendant must have "certain minimum contacts with [Indiana] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1946) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant "should reasonably anticipate being haled into court [in Indiana]," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), if he "purposefully avails [himself] of the privilege of conducting activities within [the state]," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The two forms of personal jurisdiction that a

court may exercise over a non-resident defendant are "specific" and "general" jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).

Specific jurisdiction is appropriate when the basis for the lawsuit "arises out of or is related to" the defendant's contacts with the forum state. *Jennings*, 383 F.3d at 549. Strom argues that specific jurisdiction is not applicable in this case because the lawsuit does not arise out of any contacts by Strom with the State of Indiana. The allegations in the Plaintiffs' Complaint involve acts of Strom, an Illinois attorney, acting on behalf of Mr. Cookston in a workers compensation matter that took place entirely in Illinois related to Mr. Cookston's employment in Illinois. The only significant connection between this suit and the State of Indiana is that Plaintiffs live here and Strom entered the state to take the deposition of a treating physician. The Court finds that these two contacts are not sufficient minimum contacts for the Court to exercise personal jurisdiction over Strom given that Strom is an attorney licensed in Illinois and is not licensed in Indiana, Strom lives in Illinois, Strom does not practice law in Indiana, and none of the other attorneys in Strom's firm are licensed to practice law in Indiana nor have they been admitted pro hac vice. *See Wallace v. Herron*, 778 F.2d 391 (7th Cir. 1985) (determining that the court lacked personal jurisdiction over California attorneys sued for malicious prosecution in an Indiana court by an Indiana resident based upon a prior lawsuit in California because there were not sufficient minimum contacts with Indiana when one of the attorneys had come to Indiana on one occasion to take depositions but was a resident of California, never conducted any business in Indiana, and was not licensed to practice law in Indiana). The Plaintiffs have not offered any argument or attempted to make a prima facie showing of fact to establish specific jurisdiction.

"A defendant is subject to general jurisdiction when it has 'continuous and systematic general business contacts' with the forum state." *uBID, Inc. v. GoDaddy Group, Inc.*, —F.3d—, — , 2010 WL

4

3768075, at *3 (7th Cir. Sep. 29, 2010) (citing *Helicopteros*, 466 U.S. 408). In other words, for the exercise of general jurisdiction to be appropriate, Strom's contacts with Indiana "must be so extensive to be tantamount to [Strom] being constructively present in the state to such a degree that it would be fundamentally fair to require [him] to answer in an Indiana court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). As noted, Strom does not live or work in the State of Indiana, and the Plaintiffs have not offered any facts to make a prima facie case of substantial, continuous, and systematic contacts by Strom with the State of Indiana. The Court finds that Strom is not subject to general jurisdiction in Indiana. Therefore, the Court does not have personal jurisdiction over Strom.

## B. Venue

Federal Rule of Civil Procedure 12(b)(3) allows a party to bring the defense of improper venue by motion. Because the Court's subject matter jurisdiction in this case is based on diversity, the applicable venue statute is 28 U.S.C. § 1391(a),[1] which provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Venue is not proper in Indiana under subsection (1) because Strom resides in Illinois. As demonstrated by the Complaint, all of the alleged events giving rise to the Plaintiffs' claims occurred in Illinois; thus, venue is not proper under subsection (2) either. Finally, venue is not proper

---

[1] Although Plaintiffs allege in their Complaint that venue is proper under 28 U.S.C. § 1391(b), subsection (b) explicitly provides that it does not apply in cases based on diversity jurisdiction.

5

under subsection (3) because the Court has found that Strom, the only defendant in this case, is not subject to the personal jurisdiction of this Court. Moreover, even if this Court did have personal jurisdiction over Strom, venue would be lacking under subsection (3) because Defendant represents that there is another district in which this action may have otherwise been brought, namely, the United States District Court for the Northern District of Illinois. Accordingly, venue is not proper under 28 U.S.C. § 1391(a).

When venue is not proper, the "district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A Court need not have personal jurisdiction over the defendant to transfer a case pursuant to § 1406(a). *Goldlawr, Inc. v. Haiman*, 369 U.S. 463, 465-66 (1962). Although transfer may be favored when the plaintiff files suit in the wrong district because of misapprehension of an "elusive" fact central to venue or when the plaintiff will suffer harm from dismissal, such as a time-bar to refiling, *see e.g.*, *Goldlawr*, 369 U.S. at 466; *Jennings*, 383 F.3d at 551-52, it is within a court's discretion to dismiss instead of transfer when the plaintiff, in the initial choice of forum, failed to consider whether personal jurisdiction existed. *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989). It may still be within the court's discretion to dismiss even if the statute of limitations has run, resulting in the loss of the cause of action. *See id.* at 579-80. In the instant case, the Complaint did not contain a statement addressing personal jurisdiction. The undisputed facts before the Court demonstrate that personal jurisdiction over Strom existed in the Northern District of Illinois and not in the Northern District of Indiana at the time the Complaint was filed. There does not appear to be a mistake as to any "elusive" facts supporting venue that would favor transfer over dismissal. Moreover, Plaintiffs have not responded to the instant Motion and, thus, have made no argument regarding the statute of limitations,

that the interests of justice favor transfer of venue rather than the dismissal sought by Strom, or that Plaintiffs will suffer any harm from such a dismissal.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Dismiss Neal B. Strom, d/b/a Strom & Associates, Ltd. f/k/a Strom & Spero Due to Lack of Personal Jurisdiction and Improper Venue [DE 10] and **DISMISSES without prejudice** this cause of action against Defendant Neil B. Strom d/b/a Neil B. Strom & Associates, Ltd. f/k/a Strom & Spero.

SO ORDERED this 3rd day of November, 2010.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT

cc:    All counsel of record